UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSA MEXICANO BRANDS, INC., )
)
      Plaintiff, )
)
v. ) Case No. 1:14-cv-00003 (LO/IDD)
)
<ROSAMEXICANOPUNTADEMITA.COM>, )
et al., )
)
      Defendants. )
)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendants <rosamexicanopuntademita.com>, <rosamexicanobucerias.com>, <rosarestaurantmexicanopuntademita.com>, <rosamexsicano.com>, <rosamexicanohabana.com>, <rosamexicanoboston.com>, <rosamexicanonewyork.com>, <rosamexicanosanfrancisco.com>, <rosamexicanodubai.com>, <rosamexicanolosangeles.com>, <rosamexicanonationalharbor.com>, <rosamexicanogeorgia.com>, <rosamexicanomaryland.com>, <rosamexicanominneapolis.com>, <rosamexicanowashington.com>, <rosamexicanomiami.com>, <rosamexicanoatlanta.com>, <rosamexicanoflorida.com>, <rosamexicanopanama.com>, <rosamexicanohackensack.com>, <rosamexicanocuba.com>, <rosamexicanopalmbeachgardens.com> ("Defendants" or "Defendant Domain Names") pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2). (Dkt. No. 17.) After a licensed attorney for Defendants failed to appear at the hearing on March 28, 2014, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Entry of Default Judgment, and the supporting exhibits, the undersigned Magistrate Judge makes the

1

following findings and recommends that default judgment be entered against Defendants.

## I. INTRODUCTION

Plaintiff, Rosa Mexicano Brands, Inc. ("Plaintiff") filed a Complaint on January 3, 2014 and a First Amended Complaint on January 13, 2014, seeking relief under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), based on Roger Rizzo's ("Registrant's") bad-faith use of the Defendant Domain Names. (Am. Compl. ¶¶ 1-2.) The ACPA grants trademark owners a remedy against "cybersquatting." Cybersquatting occurs when a party registers or uses a trademark owner's mark as a domain name with the bad faith intent of profiting from the sale or use of the domain name.[1] Plaintiff has moved for default judgment against Defendant Domain Names and requests that this Court order VeriSign, Inc. ("Verisign") to change the registrar of record of Defendant Domain Names from their current registrar to a registrar of Plaintiff's choosing.[2] (Am. Compl. Relief Requested ¶ A.)

### A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. This Court has subject matter

---

[1] *See Corsair Memory, Inc. v. Corsair7.com*, 2008 U.S. Dist. LEXIS 110067 at *20 (N.D. Cal. Nov. 3, 2008) (quoting 15 U.S.C. § 1125(d)(1)(B)(i)(VI) to define cybersquatting as: "Offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct."); *see also Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 295 (2d Cir. 2002) (explaining Congress's enactment of the ACPA as a supplement to the federal trademark statute in order to combat bad-faith registration or use of domain names).

[2] In the Complaint, Plaintiff requests an order transferring registration of Defendant Domain Names from their current registrar to a registrar of Plaintiff's choosing, enjoining and restraining Registrant from using any name or mark containing ROSA MEXICANO, an award of attorneys' fees and costs, and such other and further relief as the Court may deem just and proper. (Compl. Relief Requested ¶¶ A-E.) However, in the memorandum of law in support of the motion for default judgment, Plaintiff requests only an order transferring the Defendant Domain Names to Plaintiff. (Mem. Supp. Def. J. at 9.)

jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (Am. Compl. ¶ 8.)

This Court also has *in rem* jurisdiction over the Defendants under 15 U.S.C. § 1125(d)(2)(A) because the registrar wherein Defendant Domain Names are registered, Verisign, is located within this district in Reston, Virginia. (Am. Compl. ¶ 5.) Similarly, venue is appropriate in this District under 28 U.S.C. § 1391(b)(2), as well as 15 U.S.C. § 1125(d)(2)(C)(i), which states that "a domain name shall be deemed to have its situs in the judicial district in which . . . the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located." (*See* Am. Compl. ¶ 7.)

### B. Service of Process

The ACPA allows a trademark owner to file an *in rem* civil action against a domain name and provides instructions on how to provide sufficient notice of such an action. Specifically, the ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail addresses provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(A) and (B).

The undersigned finds that Plaintiff has complied with all the notice requirements necessary to bring an *in rem* action against Defendant Domain Names under the ACPA. Plaintiff filed an *in rem* civil action against Defendant Domain Names because it was unable to obtain personal jurisdiction over the Registrants due to their location outside of the United States. (Am. Compl. ¶ 23.) In accordance with 15 U.S.C. §1125(d)(2)(A)(ii)(II)(aa), on or about January 3, 2014, Plaintiff sent notice of the alleged violation and intent to proceed under the ACPA, along

3

with a copy of the Complaint, to the registrant of Defendant Domain Names at the postal and e-mail address provided by the registrant to the registrar. (Dkt. No. 20 ¶ 4.) On January 7, 2014, the registrant, Roger Rizzo responded by email to Plaintiff's counsel's service email, acknowledging receipt of the Complaint at the email address on file with the Domain Name Registrar and acknowledging his ownership of the Infringing Domain Names named in the original Complaint. (Dkt. No. 20 ¶ 5.) At the time when it filed the original Complaint, Plaintiff was only aware of two infringing domain names. (Mem. Supp. Def. J. at 3.) In his response email, Mr. Rizzo alerted Plaintiff to twenty additional infringing domain names that Registrant had recently registered. (*Id.*) On January 13, 2014, Plaintiff filed a First Amended Complaint, adding those twenty additional infringing domain names, resulting in a total of twenty-two Defendant Domain Names. (*Id.*)

Also on January 13, 2014, in accordance with 15 U.S.C. §1125(d)(2)(A)(ii)(II)(bb), Plaintiff filed a motion seeking leave to publish notice of the action in *The Washington Post*. (Dkt. No. 4-6.) This Court granted Plaintiff's motion on January 22, 2014, and on January 25, 2014, Plaintiff published notice of this Court's Order in *The Washington Post*. (Dkt. Nos. 12-13.) As set forth in the notice of action, any answer or other response to the Complaint shall be filed with the Clerk of Court within twenty (20) days from the date of publication of the Order in *The Washington Post*. (Dkt. No. 13, Ex. 1.) Copies of the Plaintiff's Amended Complaint and Motion to Serve by Publication and associated Order were provided to Mr. Rizzo by Federal Express and email. (Mem. Supp. Def. J. at 3.) The Federal Express package was received and signed for and Mr. Rizzo replied to the email acknowledging receipt. (*Id.* at 3-4.) Defendant Domain Names did not file an answer or other response to the Complaint in response to the publication of the Order. For the reasons stated above, the undersigned finds that service of

process has been accomplished in this action.

### C. Grounds for Default

Plaintiff filed a Complaint on January 3, 2014 and a First Amended Complaint on January 13, 2014. A representative for Defendants failed to appear, answer, or file any responsive pleading in this matter. On February 21, 2014, Plaintiff filed a Request for Entry of Default against Defendant Domain Names with the Clerk's Office. (Dkt. No. 14.) The Clerk entered default against Defendant Domain Names on February 27, 2014. (Dkt. No. 16.) On March 14, 2014, Plaintiff filed a Motion for Entry of Default Judgment, and the Court held a hearing on the matter on March 28, 2014. (Dkt. Nos. 17-19, 21.) When a representative for Defendants failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings,[3] the undersigned Magistrate Judge finds that Plaintiff has established the following facts.

### A. Plaintiff's Mark

For over 30 years, Plaintiff has been in the business of marketing, promoting, and selling restaurant and bar services under the famous and distinctive ROSA MEXICANO® name and mark. (Am. Compl. ¶ 8.) Plaintiff currently owns and operates 19 restaurants bearing the ROSA MEXICANO® name in New York, New York; Washington, D.C, Atlanta, Georgia; Miami, Florida; Hackensack, New Jersey; Boston, Massachusetts; Los Angeles and San Francisco, California; Puerto Rico; Panama; and Dubai. (Am. Compl. ¶ 9.) All of these restaurants are advertised and promoted nationally and internationally through Plaintiff's official website

---

[3] The pleadings include the Complaint (Dkt. No. 1), Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 13), and Plaintiff's Memorandum in Support of Motion for Default Judgment (Dkt. No. 14).

<rosamexicano.com>. (*Id.*)

In Mexico, the history of Plaintiff's ROSA MEXICANO® restaurants and Plaintiff's original chef, Josephina Howard, were featured in the "*Seasons of My Heart*," a newsletter published by famous Mexican food expert, Susana Trilling. (Am. Compl. ¶ 13.) Additionally, articles regarding ROSA MEXICANO® restaurants in the United States have been highlighted in <banderasnews.com>, which is published in Puerto Vallarta, Mexico. (*Id.*) The participation of two of Plaintiff's chefs in a famous Mexican food festival was also discussed in an article published in <mexicocooks.typepad.com/mexico>. (*Id.*) In the United States, Plaintiff's name and mark have also been the subject of articles in both print and electronic media, as well as on national television shows for over twenty years.[4] (Am. Compl. ¶ 12.)

ROSA MEXICANO® restaurants are well-known for their excellent quality, delicious cuisine, superior service, exciting décor, and signature menu items, which include tableside preparation of fresh guacamole and mole sauce. (Am. Compl. ¶ 11.) Plaintiff's restaurants are featured annually in the Zagat Survey of New York Restaurants, as well as other American and Mexican restaurant guides. (Am. Compl. ¶ 14.) In 2007, Plaintiff's related company, Rosa Mexicano Kitchen LLC, commenced the sale of hot sauce, tortilla chips, soups, prepared meals, and related merchandise. (*Id.* ¶ 16.) Plaintiff's renowned ROSA MEXICANO® name and mark are used in connection with its quality restaurant services, prepared meals, salsas, sauces, tortilla chips, and cookbooks. (Am. Compl. ¶ 12.)

Plaintiff is the owner of eight (8) United States, Mexican, and foreign trademark registrations for the ROSA MEXICANO® mark. (Am. Compl. ¶ 17, Ex. 34.) Plaintiff is also the owner of <rosamexicano>, a domain name associated with websites operated by Plaintiff to

---

[4] These include *The New York Times, Every day with Rachael Ray, Bon Appetit, In New York, Self, Food & Wine, Fancy Food & Culinary Products*, CBS's "*The Saturday Early Show*," MSNBC's "*The Today Show*," and the "*Martha*" show hosted by Martha Stuart. (*See* Ex. 24-26.)

6

advertise its restaurant services and products worldwide. (Am. Compl. ¶ 18.) Plaintiff displays the famous ROSA MEXICANO® color scheme, logo graphics, and décor in all of its restaurants. (Am. Compl. ¶ 19.) Plaintiff has established an excellent reputation and significant goodwill in its ROSA MEXICANO® mark due to substantial promotion, advertisement, and extensive sales of great quality restaurant services and products. (Am. Compl. ¶ 20.) As a result of its marketing efforts and success, the ROSA MEXICANO® mark is exclusively associated with Plaintiff's restaurant services and products. (Am. Compl. ¶ 22.)

### B. Defendants' Infringing Domain Names

In March 2012, Roger Rizzo registered two of the Defendant Domain Names without Plaintiff's consent and long after Plaintiff's prominent use and registration of the ROSA MEXICANO® mark. (Am. Compl. ¶ 23.) By a letter dated December 5, 2013, Plaintiff through counsel notified Mr. Rizzo of his acts of infringement. (Am. Compl. ¶ 27.) After receiving this notice, Mr. Rizzo registered an additional 20 domain names containing the exact ROSA MEXICANO® name and one with an intentional misspelling: <rosamexsicano.com> because Plaintiff had already registered <rosamexicano.com>. (Am. Compl. ¶ 28.) In a deliberate effort to create confusion for Plaintiff's consumers, Mr. Rizzo registered domain names that combined "rosamexicano" with locations where ROSA MEXICANO® restaurant are presently or formerly located, such as <rosamexicanoboston.com>. (*Id.*)

On January 6, 2014, Mr. Rizzo notified counsel of these additional registrations and offered to sell Defendant Domain Names to Plaintiff, stating: "Your client is a business man [sic] and he knows very well what to do if he likes to own MY web domains." (Am. Compl. ¶ 29.) Defendant Domain Names all contain Plaintiff's famous and protectable ROSA MEXICANO® mark in its entirety. (*Id.* ¶ 30.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186,193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

8

## ACPA

Plaintiff contends that it is entitled to relief under the ACPA. The Act provides that a person is liable to the owner of a mark where the person has a "bad faith intent to profit from that mark ... and uses a domain name that ... is distinctive at the time of registration of the domain name ... [and is] confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A)(i)-(ii). To establish an ACPA violation, Plaintiff is required to "(1) prove that [Registrant] had a bad faith intent to profit from using the [Defendant Domain Names], and (2) that the ... domain name[s] [are] identical or confusingly similar to, or dilutive of, the distinctive and famous [ROSA MEXICANO®] Mark." *People for the Ethical Treatment of Animals ("PETA") v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001) (citing 15 U.S.C. § 1125(d)(1)(A)). The inquiry under the ACPA is "narrower than the traditional multifactor likelihood of confusion test for trademark infringement." *Newport News Holding Corp. v. Virtual City Vision*, 650 F.3d 423, 437 (4th Cir. 2011) (citing *Coco-Cola Co. v. Purdy*, 382 F.3d 774, 783 (8th Cir. 2004)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as remedy to the owner. *Id.* at §1125(d)(1)(C).

In this case, the Registrant had the bad faith intent to profit from using Defendant Domain Names. Defendant Domain Names all contain the Plaintiff's famous and protectable ROSA MEXICANO® mark in its entirety. (Compl. ¶ 30.) Specifically, Defendant Domain Names all contain the exact ROSA MEXICANO® name and one has a deliberate misspelling: <rosamexsicano.com>, making it appear almost identical to Plaintiff's official domain name, <rosamexicano.com>. (Am. Compl. ¶ 28.)

By deliberately choosing domain names that use Plaintiff's name mark in its entirety, Registrant through Defendant Domain Names is attempting to divert consumers seeking to visit

9

Plaintiff's ROSA MEXICANO® restaurant or purchase Plaintiff's authentic products. (Mem. Supp. Def. J at 8.) Given the notoriety of Plaintiff's restaurants and products, there is little doubt that Registrant is using Defendant Domain Names to confuse customers in an effort to profit from Plaintiff's goodwill and well-established reputation. (*Id.*) Moreover, Registrant's actions are harming Plaintiff's goodwill and reputation by creating consumer confusion. (*Id.*) Finally, Registrant's bad faith has been clearly established through his correspondence with Plaintiff's counsel, specifically his remark, "[y]our client is a business man [sic] and he knows very well what to do if he likes to own MY web domains." (Am. Compl. ¶ 29.) For these reasons, the undersigned Magistrate Judge finds that Registrant has acted in bad faith in operation of Defendant Domain Names in violation of § 1125(d).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends the entry of default judgment in favor of Rosa Mexicano Brands, Inc. and against Defendant Domain Names for violation of title 15 U.S.C. § 1125(d). The undersigned Magistrate Judge further recommends that an Order be entered directing VeriSign, Inc. to transfer the registration of <rosamexicanopuntademita.com>, <rosamexicanobucerias.com>, <rosamexicanocuba.com>, <rosarestaurantmexicanopuntademita.com>, <rosamexsicano.com>, <rosamexicanohabana.com>, <rosamexicanoboston.com>, <rosamexicanonewyork.com>, <rosamexicanosanfrancisco.com>, <rosamexicanodubai.com>, <rosamexicanolosangeles.com>, <rosamexicanonationalharbor.com>, <rosamexicanogeorgia.com>, <rosamexicanomaryland.com>, <rosamexicanominneapolis.com>, <rosamexicanowashington.com>, <rosamexicanomiami.com>, <rosamexicanoatlanta.com>, <rosamexicanoflorida.com>, <rosamexicanopanama.com>, <rosamexicanohackensack.com>, <rosamexicanopalmbeachgardens.com> from their current registrar to a registrar of Plaintiff's

choosing.

## V. NOTICE

By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the Registrants at the following addresses:

Roger Rizzo
Agent of Hacienda Patrizia
13958 64A Ave.
Surrey, British Columbia,
Canada V3W3L9

                                                                /s/
                                             Ivan D. Davis
                                             United States Magistrate Judge

July 17, 2014
Alexandria, Virginia